UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEVIN WATERHOUSE | CIVIL ACTION |
| VERSUS | NO. 19-13304 |
| CHRIS STINSON, WARDEN | SECTION: "F"(1) |

### REPORT AND RECOMMENDATION

Petitioner, Devin Waterhouse, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On February 23, 2016, petitioner pleaded guilty to manslaughter under Louisiana law and was sentenced to a term of twenty years imprisonment without benefit of probation, parole, or suspension of sentence.[1]

On January 11, 2018, petitioner filed with the state district court an application seeking post-conviction relief.[2] His application was denied on July 18, 2018.[3] His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on September 19, 2018,[4] and the Louisiana Supreme Court on August 12, 2019.[5]

---

[1] State Rec., Vol. 1 of 8, minute entry dated February 23, 2016; State Rec., Vol. 1 of 8, guilty plea form.
[2] State Rec., Vol. 6 of 8. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to petitioner's state post-conviction application in the instant case, the Court will simply use the signature date on that document as the filing date, in that the application obviously placed in the mail no earlier than the date it was signed.
[3] State Rec., Vol. 6 of 8, Ruling on Defendant's Application for Post-Conviction Relief.
[4] State v. Waterhouse, No. 2018-K-0731 (La. App. 4th Cir. Sept. 19, 2018); State Rec., Vol. 6 of 8.
[5] State v. Waterhouse, 279 So. 3d 369 (La. 2019); State Rec., Vol. 7 of 8.

On October 21, 2019, petitioner filed the instant federal application seeking habeas corpus relief.[6] The state has filed a response arguing that petitioner's application is untimely.[7] Although petitioner was afforded an opportunity to file a reply to the state's response,[8] he has filed no reply. For the following reasons, the undersigned finds that petitioner's federal application is indeed untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[6] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that his application was placed in the prison mailing system on October 21, 2019. Rec. Doc. 1, p. 15.
[7] Rec. Doc. 19.
[8] See Rec. Doc. 3, p. 2.

28 U.S.C. § 2244(d)(1).

In its response, the state argues that Subsection A is controlling in the instant case,[9] and petitioner does not argue otherwise.[10] Regarding that subsection, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires."* Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. *As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.* See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Here, petitioner pleaded guilty and was sentenced on February 23, 2016.[11] Under Louisiana law, he then had thirty days in which to file an appeal.[12] Because he filed no such appeal,[13] his state criminal judgment became final for the purposes of this federal proceeding no later than March 24, 2016. Accordingly, his period for seeking federal habeas corpus relief

---

[9] Rec. Doc. 19, p. 7.
[10] See, e.g., Rec. Doc. 1, pp. 13-14 (answer to question No. 18).
[11] State Rec., Vol. 1 of 8, minute entry dated February 23, 2016; State Rec., Vol. 1 of 8, guilty plea form.
[12] Louisiana law states that a criminal defendant has thirty days to file a motion to appeal a conviction or sentence. La. Code Crim. P. art. 914.
[13] See Rec. Doc. 1, p. 2, answer to Question No. 8.

commenced on that date and then expired one year later on March 24, 2017, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner filed no such state applications during the applicable one-year period, so he clearly is not entitled to statutory tolling.[14]

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "equitable tolling is unavailable in most cases …." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence whatsoever demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[14] Although petitioner subsequently filed a state post-conviction application on January 11, 2018, that filing did not toll the federal limitations period because it had already expired. State court applications filed after expiration of the federal limitations period are of no consequence for tolling purposes. Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

Lastly, the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

By entering his unconditional guilty plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted. Therefore, even if McQuiggin applies in the context of a guilty plea, petitioner would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324. Here, although petitioner contends that he is innocent, he has presented no new evidence of the type or caliber referenced in Schlup. Accordingly, he has not met "the threshold requirement" for McQuiggin to apply. McQuiggin, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence"

exception applies, his federal application for habeas corpus relief had to be filed no later than **March 24, 2017**, in order to be timely.  His federal application was not filed until **October 21, 2019**, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief filed by Devin Waterhouse be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___3rd___ day of June, 2021.

_____
**JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE**

6